UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SAMIR GHUGE

                          Plaintiff,

                 v.

VIRTUSA CORPORATION,

                          Defendant.
------------------------------------------------------------------------x

Civ. Action No.

**COMPLAINT AND
DEMAND FOR JURY
TRIAL**

Plaintiff Samir Ghuge, by his attorneys Giskan Solotaroff & Anderson LLP, alleges as follows for his complaint against Virtusa Corp.:

## INTRODUCTION

1.      This action, alleging breach of the covenant of good faith and fair dealing, is filed pursuant to the Court's diversity jurisdiction. Plaintiff Samir Ghuge, who was a senior executive at Defendant Virtusa Corp. ("Virtusa"), a large IT consulting firm, and who was previously a senior executive at Polaris Consulting and Services Ltd, ("Polaris") another IT consulting firm that was purchased by Virtusa, alleges that he was cheated out of the stock awards he was given as compensation for setting up the Virtusa-Polaris transaction when Virtusa terminated his employment, without good cause, before the vast majority of the shares had vested, resulting in his forfeiture of the awards.

## THE PARTIES

2.      Plaintiff Samir Ghuge is domiciled in North Bergen, New Jersey.

3.      Virtusa Corporation is a corporation organized under the laws of Delaware with its principal place of business in Westborough, Massachusetts.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 based on diversity of citizenship of the parties and the amount in controversy exceeding $75,000.

5.     This Court has personal jurisdiction over Defendant based on Defendant's conduct of business in New York from its office at 225 Liberty Street, 34th Floor, New York, NY 10281.

6.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(2) in that a substantial part of the events giving rise to the claim occurred in this district insofar as Mr. Ghuge was employed at Virtusa's Manhattan office.

## ALLEGATIONS OF FACT

7.     Mr. Ghuge was employed by Polaris Consulting Services ("Polaris") beginning in 2006.

8.     By 2013, Mr. Ghuge had risen to the position of Senior Vice President and was a close advisor to Polaris's CEO, Jitin Goyal. At that time, Mr. Goyal requested Mr. Ghuge's assistance in identifying a company that might wish to purchase Polaris.

9.     After substantial work and interactions with several different companies, Mr. Ghuge introduced Polaris to Virtusa. Although the transaction stalled when one of Polaris's largest clients, Citibank, was not willing to move to Virtusa, Citibank eventually approved the Virtusa purchase and the transaction occurred in November 2015.

10.     Mr. Ghuge had several conversations with Virtusa's global HR head Sundararajan Narayan and Mr. Goyal about how he would be compensated for his work in engineering Virtusa's purchase of Polaris.

11.     In 2016 Mr. Narayan sent several emails to Mr. Ghuge confirming that his

compensation for his assistance with the transaction would be $600,000 in restricted stock units ("RSUs").

12.     Notably, Mr. Ghuge's other colleagues at Polaris, who had not been involved in the Virtusa transaction, did not receive the same level of RSU compensation.

13.     Mr. Ghuge's RSUs were scheduled to vest over the following four years. Mr. Ghuge was reassured on several occasions by Mr. Narayan and other senior Virtusa executives that he would remain employed during the vesting period.

14.     Indeed, on March 23, 2017, Mr. Ghuge received a compensation agreement from Virtusa.

15.     The agreement stated that for FY 2017 Mr. Ghuge would receive a base salary of $215,000 and was targeted to receive incentive pay of $85,000 and stated that the company "looks forward to your continued commitment." There was no statement that Mr. Ghuge's employment was at will and although the letter stated incentive compensation was at management's discretion, the letter did not provide management the discretion to terminate Mr. Ghuge without cause.

16.     Mr. Ghuge's performance was at all times exemplary. Mr. Ghuge consistently met or exceeded his sales goals and never received any indication of any performance issue.

17.     Yet, in June 2017, prior to the vesting of the vast majority of his restricted stock, Virtusa terminated Mr. Ghuge's employment, stating only that his role had been eliminated.

18.     But Mr. Ghuge was, in fact, eventually replaced by another employee. Moreover, Virtusa terminated Mr. Ghuge while retaining lower-performing employees. Accordingly, there is every reason to believe that Mr. Ghuge was terminated to prevent him from receiving the benefits of his RSUs.

## FIRST CAUSE OF ACTION
(Breach of the Covenant of Good Faith and Fair Dealing—Stock Option Plan)

19.     Plaintiff alleges and incorporates by reference the allegations contained in the foregoing paragraphs.

20.     The RSUs were issued to Mr. Ghuge pursuant to Virtusa's 2015 Stock Option and Incentive Plan ("Stock Option Plan"). The Stock Option Plan provided that Delaware law applied to any dispute arising under the agreement.

21.     Under Delaware law, there is a covenant of good faith and fair dealing implied into every contractual relationship.

22.     Defendant Virtusa breached the covenant of good faith and fair dealing implied in the Stock Option Plan when it terminated Mr. Ghuge's employment in bad faith in order to prevent his options from vesting and thereby preventing him from receiving the benefits of the Stock Option Plan.

## SECOND CAUSE OF ACTION
(Breach of Contract-Employment Agreement)

23.     Plaintiff alleges and incorporates by reference the allegations contained in the foregoing paragraphs.

24.     The employment agreement between Mr. Ghuge and Virtusa provided that he would be employed during Fiscal Year 2017 and receive the specified compensation during that period.

25.     Mr. Ghuge performed his obligations under the agreement by performing his duties diligently and in a satisfactory manner.

26.     Virtusa breached the employment agreement by terminating Mr. Ghuge's employment without good cause in June of 2017.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

A.     Award Plaintiff compensatory damages in an amount to be determined at trial on Plaintiff's claim for breach of the covenant of good faith and fair dealing implicit in the Stock Option Plan;

B.     Award Plaintiff compensatory damages in an amount to be determined at trial on Plaintiff's claim for breach of his employment agreement;

C.     Award attorneys' fees and the costs of this action; and;

D.     Such other relief as the Court deems necessary and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
     August 29, 2019

               Respectfully submitted,

               GISKAN SOLOTAROFF & ANDERSON LLP

               /s

By:     _____
               Jason L. Solotaroff
               90 Broad Street, 10th Floor
               New York NY 10004
               (212) 847-8315
               Attorneys for Plaintiff